ALICE CONNELLY, Administratrix, etc., Respondent, *v.* THE
NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COM-
PANY, Appellant.

In an action to recover damages for alleged negligence causing the death
of C., plaintiff's intestate, it appeared that C. was going south upon a
north and south highway which crossed defendant's road. He was
driving a team attached to a loaded wagon. There were four tracks at
the crossing; a train was approaching from the west on the south track;
it was in sight for nearly half a mile at a point on the highway more
than two hundred and fifty feet north of the crossing, and from a point
fifty feet north of the south track there was an unobstructed view of the
railroad to the west for a mile. The railroad was about twelve feet
above the original surface of the highway, and was reached by an
embankment, protected by a railing on each side. Two of plaintiff's wit-
nesses who were going north and who passed C. ten or fifteen rods north of
the crossing observed the train approach, it then being nearly half a
mile distant; they looked back and observed C.; he was then at least
fifteen feet from the crossing sitting on his load partly facing the east;
he continued to drive on until he got upon the north track; then seeing,
apparently, the train for the first time, he partly raised up and com-
menced whipping his horses; they passed safely over but the engine
struck the wagon and C. was killed. There was no evidence that the
horses were unmanageable or that C. might not have stopped on the
north track. *Held,* that assuming the misjudgment of C. in attempting
to cross in front of the train was not alone sufficient to charge him with
negligence, his not observing the train before reaching the track, or, if
he did see it, his proceeding on without stopping was negligence, and a
refusal to nonsuit error.

(Argued March 6, 1882 ; decided March 14, 1882.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made October 28, 1881, which affirmed a judgment in favor of
plaintiff entered upon a verdict.

This action was brought to recover damages for alleged neg-
ligence, causing the death of Patrick Connelly, plaintiff's intes-
tate, who was killed while attempting to cross defendant's road
at a highway crossing in the town of Geddes, Onondaga county.
The highway runs north and south, the railroad east and west.
The deceased approached the crossing from the north, driving

a team attached to a loaded wagon, he sitting upon the load. The evidence as to the circumstances of the accident, so far as material are stated in the opinion. At the close of plaintiff's evidence and also at the close of all the evidence, defendant's counsel moved for a nonsuit, which was denied, and said counsel duly excepted.

*D. Pratt* for appellant. A person approaching a railway crossing upon the highway is bound to make vigilant use of his eyes and ears to ascertain if a train is approaching, and if by so doing he could have avoided a collision, a recovery cannot be had for injuries received. (*Salter* v. *U. & B. R. R. Co.*, 75 N. Y. 273; *Reynolds* v. *N. Y. C. R. R. Co.*, 58 id. 248, 250, 252; *Wild* v. *H. R. R. R. Co.*, 24 id. 430, 432; *Warner* v. *N. Y. C. R. R. Co.*, 74 id. 470, 471; *Steenes* v. *O. & S. R. R. Co.*, 18 id. 422.) The election whether to carry the highway over or under the railroad or on a grade with it, is with the company, and when exercised in good faith is not reviewable. (*People* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 302, 304.) In approaching a railroad, a man must be prepared to stop when necessary. (75 N. Y. 273.) That deceased was well acquainted with the ground does not excuse his negligence, but rather adds to and intensifies it. (75 N. Y. 274.) If a party sees the train it ceases to be of any consequence whether the bell is rung or not. (*Pakalinski* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 427.) The burden of proof is on the plaintiff to show that the deceased is free from contributive negligence. (*Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248.) There must be evidence from which an intelligent jury can reasonably find that deceased was free from negligence which contributed to the injury. (*Toomey* v. *Brighton Ry.*, 36 C. B. [N. S.] 146; *Coen* v. *Clark*, 94 U. S. 278.) As against positive affirmative evidence of credible witnesses, to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more witnesses that they did not hear it, to authorize the submission of the question to the jury. (*Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 133;

*Siebert* v. *The Erie Ry. Co.*, 49 Barb. 584.) If deceased looked as claimed, he must have seen the train more than eighty rods from the crossing. In such case it was immaterial whether the bell was rung or not. (*Pakalinski* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 424.)

*William C. Ruger* for respondent. A failure to comply with the statutory requirements with reference to the giving of the usual signals is negligence *per se*. (*Renwick* v. *N. Y. C. R. R. Co.*, 36 N. Y. 132 ; *Ernst* v. *Hudson River R. R. Co.*, 35 id. 9.) The testimony will justify a jury in finding that the bell did not ring as against the evidence of the defendant's employes that they rang the bell a whole mile before they reached the crossing. (*Salter* v. *U. & B. R. R. Co.*, 59 N. Y. 631 ; *Dyer* v. *Erie R'y Co.*, 71 id. 237 ; *Bryne* v. *N. Y. C. R. R. Co.*, 14 Hun, 323 ; *Voak* v. *Northern Cent. R. R. Co.*, 75 N. Y. 322.) It was the defendant's duty, both by statute and at common law, to keep its road at the crossing in a safe condition so that a traveler upon the highway exercising ordinary care could pass the same in safety. A failure to do so also constitutes negligence. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594 ; Laws of 1850, chap. 140, § 28 ; Laws of 1853, chap. 62 ; *Albany, etc., R. R. Co.* v. *Brownell*, 24 N. Y. 345 ; *People* v. *B. & A. R. R. Co.*, 70 id. 569 ; *People* v. *D. & C. R. R. Co.*, 58 id. 152 ; *People* v. *N. Y. C. & H. R. R. R. Co.*, 74 id. 302 ; *Richardson* v. *N. Y. C. R. R. Co.*, 45 id. 848 ; *Wooster* v. *Forty-second Street R'y Co.*, 50 id. 203 ; *Colt* v. *Lewiston R. R. Co.*, 36 id. 214 ; *Cuddeback* v. *Jewett*, 20 Hun, 187 ; *Wasmer* v. *D. L. & W. R. R. Co.*, 80 N. Y. 217.) The question of contributory negligence was properly submitted to the jury. (*Massoth* v. *D. & H. Canal Co.*, 64 N. Y. 529 ; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464 ; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451 ; *Hackford* v. *N. Y. C. & H. R. R. R. Co.*, 53 id. 654 ; *Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622 ; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72.) While the plaintiff must be free from negligence, it is not necessary

that the absence of contributory negligence should be established by direct evidence, but it may be made to appear from the circumstances, and in weighing those circumstances it may be assumed that all men are desirous of preserving their lives and keeping their bodies from harm. (*Morrison* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 643 ; *Hart* v. *Hudson River R. R. Co.*, 80 id. 622.)  Where one places another by his negligent act in such a position of jeopardy to either his life or his property that he is compelled to choose upon the instant and in the face of apparently grave and impending peril between two hazards, and he makes such a choice as a person of ordinary prudence placed in the same situation might make, and injury results therefrom, the fact that if he had chosen the other hazard, he would have escaped injury does not prove contributory negligence. (*Twombly* v. *Central Park R'y Co.*, 69 N. Y. 159 ; *Buell* v. *N. Y. C. R. R. Co.*, 31 id. 314 ; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 74 ; *Voak* v. *Northern Cent. R. R. Co.*, 75 id. 320 ; *Dyer* v. *Erie R'y Co.*, 71 id. 25 ; *Coulter* v. *Am. Union Express Co.*, 56 id. 585 ; *Cuyler* v. *Decker*, 20 Hun, 173 ; *Wasmer* v. *D. L. & W. R. R. Co.*, 80 N. Y. 218.)  The deceased was not bound to abandon his horse the moment the train came in sight. (*Wasmer* v. *D. L. & W. R. R. Co.*, 80 N. Y. 212 ; *Bernhardt* v. *R. & S. R. R. Co.*, 1 Abb. Ct. App. Dec. 131.)  It is not to be presumed, because there is no evidence affirmatively showing that the deceased either looked or listened, that he did not look and listen. (*Massoth* v. *D. & H. Canal Co.*, 64 N. Y. 529 ; *Ernst* v. *Hudson River R. R. Co.*, 39 id. 68.)  The mere fact, that an engineer can demonstrate that from a given point in the highway the track of a railroad is visible for a certain distance, does not necessarily establish that a person in charge of a team approaching the track is negligent because from the point specified he does not see a train approaching at great speed, in time to avoid a collision. (*Massoth* v. *D. & H. Canal Co.*, 64 N. Y. 529 ; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72.)  As the evidence shows that the deceased could not have seen the train, under any circumstances, on account of the

obstruction created by the brush and nursery, until he reached a point where he was in imminent danger, it therefore availed him nothing if he did look, as it would furnish him with no information which could be of service. (*Dyer* v. *Erie R'y Co.*, 71 N. Y. 230; *Sykes* v. *D. L. & W. R. R. Co.*, 12 N. Y. Week. Dig. 430.)

ANDREWS, Ch. J.  We cannot affirm the judgment without ignoring the plain inference of negligence on the part of the plaintiff's intestate, either in omitting to look for the approaching train before reaching the crossing, or if he looked, in omitting to stop his horses before reaching the track of the railroad.  The train was in sight for nearly half a mile at a point on the highway more than two hundred and fifty feet north of the crossing, and from a point fifty feet north, to the track, there was an unobstructed view of the railroad to the west for nearly a mile.

The two witnesses for the plaintiff, who were going north and who passed the deceased ten or fifteen rods north of the crossing, when they had reached a point in the highway, twenty to twenty-five rods north of the crossing, observed the train approaching from the west.  The train was then nearly half a mile distant. They looked back and observed the deceased. He was then sitting on his load, facing partly east.  There is some discrepancy in the evidence as to the distance of the deceased from the crossing at this time.  But the shortest distance as estimated by them, was fifteen feet.  There were four railroad tracks at this place, and the train was on the south track. The deceased continued to drive on until he got upon the north track.  Then observing, apparently for the first time, the approaching train, he partly raised up and commenced whipping his horses.  The horses got over the south track, but the wagon was intercepted by the train, and the intestate was killed.  If he had stopped on the north track he would have been safe.  It does not appear that the horses were unmanageable, or that he might not have stopped them at this point until the train passed. But assuming that his misjudgment in attempting to cross in front of the train, was not alone sufficient to charge him with

negligence, on the ground that when he discovered the train, he was called upon to decide instantly what he should do, this furnishes no answer to his prior negligence in not having stopped his horses before going upon the track, whereby he would have avoided the peril which he afterward encountered.  It is true that he was ascending a grade on the highway to reach the crossing, the rise being about one foot vertical to eleven feet linear distance, and about twelve feet in all.  But the embankment was guarded by a railing on each side of the road, and even if the horses could not have held the load on this ascent, no serious damage could, so far as appears, have been apprehended, or would have resulted from stopping them.  If he did not observe the train before reaching the track, it was by reason of his negligence ; if he did observe it, his proceeding on without stopping was an act of gross carelessness.  We can see no ground upon which the verdict can stand.

The judgment should be reversed and a new trial granted.

All concur.

Judgment reversed